[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DE PLAINTIFF'S MOTION FOR MODIFICATION ANDDEFENDANT'S NOTION FOR CONTEMPT
The parties marriage was dissolved on March 15, 1994. There was a prior post-judgment hearing at which time the child support order was modified from $1,382.33 monthly to $215.00 weekly. The $3,000.00 monthly periodic alimony remained unchanged. At that time, the plaintiff listed a gross weekly wage of $3,765.80 and net of $1,097.97 after taxes and "see attached $2,238.60" deduction which the plaintiff attributes to business expenses. The plaintiff's most recent financial affidavit dated and filed on October 13, 1995 lists gross weekly wage of $3,158.76 and $1,649.52 net after taxes of $440.00 and "see attached $1,069.24" deduction attributed to business expenses, for the plaintiff is self-employed.
The agreed arrears as of October 13, 1995 is found to be $19,000.00 unpaid alimony and $954.03 unpaid child support, a total arrears of $19,954.03.
The plaintiff has failed to demonstrate a substantial change in circumstances since the last modification. Since the financial orders are sometimes referred to as a mosaic, this court believes the holding in Borkowski v. Borkowski, 228 Conn. 729
controls.
The defendant's income has increased from zero at the time of the last order to about $100.00 gross weekly as of October, 1995. The court is not convinced that this increase is CT Page 1431-R substantial nor is it sufficient to support a reexamination of the alimony order. The plaintiff's motion is denied.
The defendant seeks to hold the plaintiff in contempt for failing to pay the periodic orders on a current basis. The defendant must demonstrate that the plaintiff has the ability to make the payments on a current basis and he is wilfully refusing to do so.
The plaintiff's testimony describing his business's fluctuations is accepted by the court. The court notes an improvement in the plaintiff's income and is satisfied that the plaintiff has had an inability to pay currently. Tobey v.Tobey, 165 Conn. 742.
The plaintiff's motion is denied.
The defendant's motion is denied.